UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NICK A. BAUSSAN,

        Plaintiff,

v.                            Case No.  5:06-cv-05-Oc-10GRJ

FEDERAL DEPOSIT INSURANCE CORP.,

        Defendant.
_____

### ORDER OF DISMISSAL

Plaintiff initiated this *pro se, in forma pauperis,* action by filing a complaint seeking a declaratory judgment against the Defendant, the Federal Deposit Insurance Corporation (FDIC). The Complaint stems from Plaintiff's 2003 guilty-plea convictions for bank robbery and carrying a firearm during a crime of violence, for which he was sentenced to a total 135 months' imprisonment. See United States v. Baussan, case number 6:03-cr-00184-PCF (Middle District of Florida, Orlando Division). In that case, Plaintiff pleaded guilty to robbing the Volusia County branch of Banco Popular, an institution insured by the FDIC. See id., Doc. 22 (plea agreement).

The Complaint and Plaintiff's accompanying Memorandum of Law (Docs. 1 & 2) allege that Banco Popular's FDIC-insured status was not a proper basis for his criminal prosecution because the FDIC is not an agency or instrumentality of the United States for purposes of the federal criminal statutes, that the FDIC has no

interest or stake in the outcome of federal criminal prosecutions, and that the FDIC does not contract to insure its member banks against losses from robberies and therefore there was no federal nexus sufficient to provide a basis for Plaintiff's federal prosecution.  See Doc. 2 at 10.

## Standard of Review

Pursuant to the Prison Litigation and Reform Act (PLRA), the Court is required to dismiss a case at any time if the Court determines that the allegation of poverty is untrue,[1] or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[2]  Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion.[3]

"A claim is frivolous if it is without arguable merit either in law or fact." Additionally, a claim may be dismissed as frivolous when it appears that the Plaintiff has little or no chance of success.[4]

This case is due to be dismissed as frivolous because Plaintiff has no chance of success.  Plaintiff's arguments concerning the status of the FDIC with respect to the federal prosecution of bank robbers are patently frivolous, lacking any arguable merit.  In his Plea Agreement, Plaintiff conceded that the sentencing court had

---

[1] 28 U.S.C. § 1915(e)(2)(A).

[2] See 28 U.S.C. §1915(e)(2)(B)(i)-(iii).

[3] Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

[4] Bilal, 251 F.3d at 1349.

jurisdiction to sentence Plaintiff pursuant to his plea of guilty to the federal bank robbery charge.  See Case Number 6:03-cr-00184-PCF, Doc. 22.  The Plea Agreement also included a waiver of Plaintiff's right to appeal his sentence, "directly or collaterally, on any ground," with limited exceptions.  See id.  The Court concludes that Plaintiff in this case is attempting to circumvent the waiver contained in the Plea Agreement.

Moreover, Plaintiff's complaint implicates the validity of his conviction.  In Heck v. Humphrey,[5] the Supreme Court held that a criminal defendant may not collaterally attack his conviction through a civil suit until such conviction has been reversed on direct appeal, or expunged or otherwise declared invalid by way of a writ of habeas corpus.  Heck, 512 U.S. at 487.  Plaintiff is attempting to collaterally attack his criminal conviction through this case, and his claims therefore are barred by Heck.

Further, Plaintiff in this case has filed frivolous and vexatious pleadings unrelated to the claims in his Complaint.  After paying the $13.34 initial partial filing fee ordered by the Court in granting Plaintiff leave to proceed as a Pauper, Plaintiff filed a "Bill of Exchange" (Doc. 12).  This document attempts to assert a specious monetary claim in the amount of $2366.60 against the Clerk of this Court.  Plaintiff subsequently filed a "Notice" and attached documents (Doc. 13) seeking to recover on his specious claim. Plaintiff is **WARNED** that the filing of such pleadings will be met with sanctions.

---

[5] 512 U.S. 477, 114 S.Ct. 2364 (1994).

## Conclusion

For the reasons stated herein, this case is **DISMISSED** as frivolous and for the failure to state a claim upon which relief can be granted. See 28 U.S.C. §1915(e).[6]  The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 20th day of June 2006.

_____
UNITED STATES DISTRICT JUDGE

c: Nick A. Baussan

---

[6] This dismissal of Plaintiff's Complaint as frivolous counts as a "strike" for purposes of the three-strikes provision of 28 U.S.C. § 1915(g).  Plaintiff is **WARNED** that if he accumulates three strikes he will be unable to bring a civil action or appeal in a civil action *in forma pauperis* unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).